20-3477-cv
3B Medical, Inc. v. SoClean, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of May, two thousand twenty one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                     *Circuit Judges*.

_____

3B MEDICAL, INC.,

                 *Plaintiff-Appellant*,

             v.                                           20-3477-cv

SOCLEAN, INC.,

                 *Defendant-Appellee*.

_____

Appearing for Appellant:     Daniel Kotchen, Kotchen & Low LLP, Washington, D.C.

Appearing for Appellee:      Scott A. Rader, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. (Katharine K. Foote, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **REVERSED** and **REMANDED**.

3B Medical, Inc. appeals from the September 9, 2020 judgment of the United States District Court for the Southern District of New York (Failla, *J.*) dismissing its false advertising claim, brought under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and New York state law claims of unfair competition, brought under Sections 349 and 350 of the New York General Business Law, for failure to plausibly allege injury. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of a motion to dismiss the complaint on the pleadings de novo and construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (alteration and internal quotation marks omitted). 3B and SoClean, Inc. are competitors that develop medical devices that sanitize continuous positive airway pressure machines ("CPAPs"), which treat sleep apnea and respiratory conditions. SoClean controls approximately ninety percent of the market while 3B controls about five percent. Three competitors control the remaining five percent of the market.

3B alleges that SoClean falsely advertises and misrepresents SoClean's own devices because SoClean fails to disclose that its sanitizing devices emit ozone, a toxic gas that can cause side effects including skin irritation, difficulty breathing, and damage to the respiratory system. SoClean nevertheless markets the devices as "safe," "healthy," and free of "harsh chemicals." App'x at 10, 26-27. SoClean markets ozone as "activated oxygen" and represents that its devices use the same sanitizing process as hospitals. App'x at 23-25. However, hospitals do not use ozone sanitizers in spaces occupied by patients. 3B's competing devices do not use ozone. Other competing products use ozone, but the majority of CPAP users handwash their machines. 3B alleges that without SoClean's false advertisements, "more consumers would investigate alternatives to ozone-sanitizers and discover" and "purchase" 3B's devices. App'x at 38.

Section 1125(a)(1) provides that persons who "in commercial advertising or promotion, misrepresent[] the nature, characteristics, [or] qualities . . . of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1). To state a false advertising claim, a plaintiff must plead "that the challenged message is (1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury to the plaintiff." *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 65 (2d Cir. 2016). Only the injury element is disputed on appeal. The injury must be "economic or reputational injury flowing directly from the deception wrought" and such injury "occurs when deception of consumers causes them to withhold trade from the plaintiff." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014).

The district court erred when it concluded that 3B's complaint failed to plausibly allege injury. 3B specifically alleged, based on customer reviews, that when customers discovered the

harmful effects of ozone and the use of ozone by SoClean and all other competitors, they decided to purchase a 3B device. This is an allegation that "SoClean's false advertising causes consumers to purchase SoClean's products when they would otherwise purchase 3B's products," App'x at 38, i.e., that customers withhold trade from 3B due to SoClean's false advertising, *see, e.g.*, *Lexmark*, 572 U.S. at 133; *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 255 (2d Cir. 2014) (characterizing "direct diversion of sales" as injury under Lanham Act).

Though 3B's complaint referenced three other competitors in the market and that many customers handwash their CPAP machines, neither the existence of the competitors nor the possibility of handwashing renders 3B's lost sales injury speculative. The competitors' products also use ozone, and customers who have chosen to buy sanitizing devices, which cost hundreds of dollars, have shown that handwashing is not a close substitute. In light of these particular market dynamics, 3B plausibly alleges that SoClean's false advertisements have caused it to lose sales. Although 3B does not specifically allege that its sales have declined due to SoClean's false advertisements, this is because 3B entered the market for automatic CPAP sanitizers only after SoClean began its advertising campaign, making such a before-and-after comparison impossible. The absence of such allegations in these circumstances does not make 3B's claim of injury implausible, and 3B's citation to specific customer reviews is sufficient to plausibly allege injury here.

3B will eventually need to prove its injury due to SoClean's false advertisements. But it need not do so at this phase of the litigation. In other words, "[a]lthough we conclude that [3B] has *alleged* an adequate basis to proceed under § 1125(a), it cannot obtain relief without *evidence* of injury proximately caused by [SoClean's] alleged misrepresentations." *Lexmark*, 572 U.S. at 140.

We have considered the remainder of SoClean's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is REVERSED and the case REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3